```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
                                                         :
JOSEPH KOURY,                                            :
                                                         :
                        Plaintiff,:                      :       MEMORANDUM
                                                         :    OPINION AND ORDER
              - against -                                :
                                                         :       08 Civ. 5409 (SAS)
XCELLENCE, INC., d/b/a/ XACT,                            :
ROBERT POLUS, and BARBARA                                :
AMOS,                                                    :
                        Defendants.                      :
------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/4/2009

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.    INTRODUCTION**

On January 13, 2009, this Court granted in part and denied in part the motion of defendant Xcellence, Inc., d/b/a Xact ("Xact") to dismiss the Complaint.[1] As part of the Opinion and Order, the Court denied defendant's motion to dismiss plaintiff's claims for fraudulent inducement, anticipatory breach, breach of good faith, and declaratory judgment. Defendant now seeks reconsideration of this decision.[2]

---

[1] *See Koury v. Xcellence, Inc.*, No. 08 Civ. 5409, 2009 WL 94312 (S.D.N.Y. Jan. 13, 2009).

[2] *See* Defendant's Memorandum of Law in Support of Motion for Reconsideration of January 13, 2009 Order ("Def. Mem.").

1

## II. LEGAL STANDARD

Motions for reconsideration are governed by Local Rule 6.3 and are committed to the sound discretion of the district court.[3] A motion for reconsideration is appropriate where "'the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[4] A motion for reconsideration may also be granted to "'correct a clear error or prevent manifest injustice.'"[5]

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[6] Local Rule 6.3 must

---

[3] *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006 ) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983).

[4] *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation omitted).

[5] *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[6] *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v.*

be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[7] Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively, to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[8] A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced,"[9] nor is it a substitute for appeal.[10]

## III. DISCUSSION

Defendant's motion for reconsideration cites only one decision:

---

*Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[7] *United States v. Treacy*, No. 08 Cr. 0366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided.").

[8] *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[9] *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)

[10] *See Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400 (S.D.N.Y. Oct. 6, 2008).

*Meyercord v. Curry*, 832 N.Y.S.2d 29, 30 (1st Dep't 2007). Defendant asserts that *Meyercord* is a controlling decision, overlooked by this Court, that explains what must be pled under the heightened pleading standards of Federal Rule of Civil Procedure 9.[11] The decision is neither controlling for the issue defendant raises nor was it overlooked by this Court. *First*, because Rule 9 sets forth a uniform federal standard for pleading fraud, the decision in *Meyercord* is not a controlling decision governing what must be pled under Rule 9.[12] *Second*, the only relevant holding in *Meyercord* is its statement of the elements of fraudulent inducement, but this Court cited to another New York decision reciting the same elements.[13]

The balance of defendant's memorandum challenges this Court's interpretation of the factual allegations in the Complaint and this Court's framing of the legal theories under which the action may proceed. Regarding the factual allegations, the Opinion and Order drew all reasonable inferences in favor of the

---

[11] *See* Def. Mem. at 4-5.

[12] *See Stevelman v. Alias Research Inc.*, 174 F.3d 79, 84 (2d Cir. 1999) ("To state a claim with the required particularity [under Rule 9], a complaint must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." (quotation marks omitted)).

[13] *See Koury*, 2009 WL 94312, at *4 (citing *Leno v. DePasquale*, 794 N.Y.S.2d 662, 662 (2d Dep't 2005)).

plaintiff and read the Complaint as a whole in trying to understand what the plaintiff meant to set forth.[14] Defendant cites no controlling decision this Court overlooked or any clear error in its interpretation of the Complaint.[15]

Regarding the Court's framing of the legal issues, as this Court explained, a 12(b)(6) motion to dismiss may not be granted simply "because [the plaintiff] proceeded under the wrong theory."[16] Rather, on a motion to dismiss,

---

[14] *See 5 Charles A. Wright & Arthur R. Miller,* Federal Practice and Procedure § 1286 (3d ed. 2004) ("[A]s the case law makes very clear, the district court is obligated to make a determined effort to understand what the pleader is attempting to set forth and to construe the pleading in his or her favor, whenever the interest of justice so requires.").

[15] For example, defendant argues that the Court misread the Complaint when it stated that "Koury alleges that on [September 29, 2007: the date the Subordination Agreement was signed], Xact's counsel informed Koury that Commerce Bank had not yet decided to subordinate Koury's payments from Xact." Def. Mem. at 4 (quoting *Koury*, 2009 WL 94312, at *5). Defendant urges that the Complaint alleges only that "Xact's counsel had advised Mr. Koury that he was not aware of any subordination on September 29, 2007." *Id.* Beyond defendant's failure to consider whether the former proposition can be reasonably inferred from the latter one, defendant neglects to mention the next sentence in the Opinion and Order: "The Amended Purchase Agreement similarly stated that Commerce Bank 'may' subordinate Koury's payments, implying that the subordination had not yet occurred." *Koury*, 2009 WL 94312, at *5. Reading the Complaint as a whole, in conjunction with this attached Amended Purchase Agreement, it is beyond cavil that Koury alleges that Xact falsely informed him, on September 29, 2007, that no subordination had yet occurred.

[16] *Hack v. President & Fellows of Yale College*, 237 F.3d 81, 89 (2d Cir. 2000).

5

"'[f]actual allegations alone are what matter[ ]'"[17] and a claim may not be dismissed "'[s]o long as [the plaintiff has] alleged facts sufficient to support a meritorious legal claim.'"[18] Thus, although the Court analyzed some of the factual allegations under legal theories not explicitly advanced by the plaintiff, this is entirely proper in evaluating a motion to dismiss. Defendant cites no case to the contrary.

## III. CONCLUSION

For the reasons stated above, defendant's motion for reconsideration is denied. The Clerk of Court is directed to close this motion [docket no. 37]. A conference is scheduled for March 12, 2009 at 4.30 P.M.

SO ORDERED:

Dated: New York, New York
March 4, 2009

Shira A. Scheindlin
U.S.D.J.

---

[17] *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 46 (2d Cir. 1997) (quoting *Albert v. Carovano*, 851 F.2d 561, 571 n. 3 (2d Cir. 1988) (en banc).

[18] *Hack*, 237 F.3d at 89 (quotation marks omitted).

## - Appearances -

**For Plaintiff:**

Seth T. Taube, Esq.
Maureen P. Reid, Esq.
Baker Botts L.L.P.
30 Rockefeller Plaza
New York, NY 10112-4498
(212) 408-2500


**For Defendant**:

Michael A. Kalish, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, NY 10177-1211
(212) 351-3738